**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Anderson, an Arizona resident,          )<br>                                                                  )<br>                     Plaintiff,                            )<br>                                                                  )<br>vs.                                                             )<br>                                                                  )<br>                                                                  )<br>Maricopa County Special Health Care)<br>District dba Maricopa Integrated Health)<br>System, a publicly funded entity; et al.,    )<br>                                                                  )<br>                     Defendants.                       )<br>_____) | No. CV-08-01286-PHX-LOA<br><br>**ORDER** |

This is the time set for the Rule 16(b), FED.R.CIV.P. Scheduling Conference. Plaintiff is represented by counsel, John N. Wilborn. Defendants are represented by counsel, Brandon A. Newton. Court reporter is not present.

All parties have heretofore consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 19 and # 21)  Pursuant to the parties' discussions with the Court today and the various deadlines in their proposed Rule 26(f) Joint Case Management Plan, docket # 28, filed on September 22, 2008, as their proposed case management plan, the Court will set the various deadlines for the judicial management of this case.

**IT IS ORDERED** that the parties, by and through their counsel, shall comply with the following deadlines which were mostly agreed to by all counsel. Stipulations extending the time for the doing of any act required by the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval. LRCiv. 7.3; *Gestetner*

1  *Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D. Maine 1985)(good cause not shown
2  to amend scheduling order); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th
3  Cir.1994)("Federal Rule of Civil Procedure 16 is to be taken seriously"). Continuances of
4  these deadlines may be granted only upon a showing of good cause and by leave of the
5  assigned trial judge. Settlement negotiations, however, do not constitute good cause.

6      1. The parties confirm that Plaintiff has served his Rule 26(a) initial
7  disclosures on September 10, 2008 and Defendants served their Rule 26(a) initial
8  disclosures today.

9      2. Filing motions to amend pleadings and motions to join additional parties by
10 **November 28, 2008**.[1]

11     3. Because the Court believes that staggered expert disclosure is more fair and
12 will less likely result in requests for a modification of these deadlines, Plaintiff's disclosure
13 of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made
14 by **May 6, 2009.** Defendants' disclosures of expert testimony and reports required under
15 Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **June 5, 2009.** Plaintiff's disclosure of true
16 rebuttal expert testimony and reports solely to contradict or rebut evidence as required under
17 Rule 26(a)(2)(C), Fed.R.Civ.P., shall be made by **July 6, 2009**.

18     Each testifying expert witness (regardless of whether such expert witness has
19 or has not been specifically retained for this case, such as, a treating physician, or if the
20 expert is an employee of the calling party) shall provide a written report to the adverse party

---

[1] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard). In *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000), the Ninth Circuit stated:
> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

- 2 -

as required by Rule 26(a)(2)(B). *Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459 (D. Minn. 1998).

A lay or expert witness and/or exhibit untimely disclosed may not be permitted to testify or used at trial or dispositive motion or response except upon the party offering such witness demonstrating: (a) substantial justification for the untimely disclosure; or (b) that such untimely disclosure is harmless. *Wong v. Regents of the University of California*, 379 F.3d. 1097 (9th Cir. 2004); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001); Rule 37(c)(1), FED.R.CIV.P.

4. Except for impeachment evidence, disclosure of all known witnesses, exhibits and other matters under Rule 26(a)(3), Fed.R.Civ. P. and supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ. P. by **September 11, 2009**.[2] *Yeti*, 259 F.3d at 1106; *Wegener v. Johnson*, 527 F.3d 687, 691 (8th Cir. 2008) (expert witness' supplemental opinion precluded at trial "because it [was] not impeachment evidence of the kind exempted from disclosure [under Rule 26(a)(2)]. Impeachment is 'an attack on the credibility of a witness.' ") (citation omitted).

5. Completion of all discovery: **October 16, 2009**.

6. Filing dispositive motion(s) on or before **November 30, 2009**. Any cross-motion(s) for summary judgment may be filed on or before **December 31, 2009**; provided, however, such motion(s) is related **solely** to the specific issue(s) directly raised in the initial dispositive motion(s).

Pursuant to stipulation and good cause appearing,

---

[2] The parties are on notice that this order supercedes the "30 day before trial" disclosure deadline contained in FRCP 26(a)(3). Therefore, failure to timely supplement pursuant to Rule 26(e), including attempts to include witnesses and exhibits in the Proposed Final Pretrial Order or at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules of Civil Procedure of the District Court, and the inherent power of the Court.

1    Pursuant to Rule 5(b)(2)(D), FED.R.CIV.P. and this Court's adoption of rules
2    regarding electronic filing, the parties consent and agree that service under Rule 5(a) may be
3    obtained on the other party by delivering a copy of the document by electronic means.
4    Service by electronic means is complete upon transmission. The parties also advise the Court
5    that counsel are registered and will comply with the District Court's Electronic Case Filing
6    ("ECF") Administrative Policies and Procedures Manual. See the District Court's internet
7    site (www.azd.uscourts.gov) and click on the ECF link for the details of the District Court's
8    electronic filing system. Additionally, the Court and counsel generally discuss issues relating
9    to the preservation, production and privilege of such information. See proposed amendments
10   to Civil Rules 16, 26, 33, 34, 37 and 45; Anthony J. Battaglia, *Dealing With Electronically*
11   *Stored Information: Preservation, Production And Privilege*, The Federal Lawyer, May,
12   2006, pp. 26 - 31. Counsel expressly indicate no concerns about any such issues at this time.
13   Counsel are hereby advised that the Court has various audio/visual
14   equipment available for use at an evidentiary hearing or trial. For further information,
15   please contact the Cour's A/V Specialist, Brian Lalley, at (602) 322-7131.

16   **IT IS FURTHER ORDERED** that the Court may set an another Rule 16(b)
17   Scheduling Conference after the Court's ruling on all dispositive motions; after completion
18   of all discovery, if no dispositive motion is timely filed; or upon written request from any
19   party to discuss the setting of a jury trial and all issues related thereto, i.e. the length and
20   times of trial, motions in *limine*, *Daubert* hearings, etc.  Counsel shall bring their calendars
21   with them to this conference.

22   **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised
23   of the possibility of settlement and should settlement be reached, the parties shall
24   immediately file a Notice of Settlement with the Clerk of the Court with a copy to this
25   Court's chamber's emailbox  (anderson_chambers@azd.uscourts.gov). LRCiv 40.2(d).
26   This Court views compliance with the provisions of this Order as critical to its case
27   management responsibilities and the responsibilities of the parties under Rule 1 of the
28   Federal Rules of Civil Procedure.

The parties are advised that when sufficient information has been disclosed between the parties to fairly appreciate and evaluate the strengths and weaknesses of the claims and defenses alleged in this case, a settlement conference before another U.S. magistrate judge may be requested. Delay in requesting, scheduling or concluding a settlement conference or settlement negotiations do not constitute good cause to continue or extend the deadlines set herein.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona.  The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall use the following caption, number and initials on all further pleadings and other filings herein: No. CV-08-01286-PHX-LOA.

DATED this 1st day of October, 2008.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge